ADDIE HALL, Plaintiff-Appellant, *v.* LISA McMILLIAN *et al.,* Defendants-Appellees.

(No. 72-7; )

Fifth District—November 14, 1972.

George C. Lackey, of Lackey & Lackey, of Centralia, for appellant.

John E. Jacobsen and Terry R. Black, both of Craig & Craig, of Mt. Vernon, for appellee George Straith.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from an order of the Circuit Court of Marion County entered pursuant to a motion filed by defendant Straith under Section 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 72), which vacated a prior default judgment as to the issues of damages. The order left undisturbed the judgment in regard to the question of liability. Straith did not cross appeal.

Straith was personally served with summons on October 2, 1970. He did not appear or plead, and on November 19, 1970, an order of default was entered against him. On February 23, 1971, a hearing was held in the trial court on the issue of damages and a judgment by default was entered in the amount of $15,000 plus costs. No notice was given to the appellee of the February hearing. He had no knowledge of the hearing and did not appear. Appellee first learned of the judgment on May 21, 1971, at which time a citation to discover assets was served upon him. On June 11, 1971 defendant filed his petition to vacate the default judgment.

In *Elfman v. Evanston Bus Co.,* 27 Ill.2d 609, 614, 615, 190 N.E.2d 348, 351, the court said:

"* * * Although defaulted, where the action is in tort or for an unliquidated claim or amount, a defendant nonetheless has the right to be heard on the matter of damages. (*Straus v. Biesen,* 242

Ill.App. 370; *Tierney v. Szumny*, 257 Ill.App. 457; 23 I.L.P., Judgments, pars. 59, 60.) 'While it has been stated broadly that a litigant by his attorney must note the progress if his case is in court and is not entitled to notice except as prescribed by law, as, [sic] a general rule, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken.' (66 CJS, Notice, Par. 14, p. 652.) Again, as was cogently said in *Jansma Transport, Inc. v. Torino Backing Co.*, 27 Ill.App.2d 347, 354: 'Something more than the morals of a medieval market may reasonably be expected in the conduct of litigation.' Since defendant did have the right to be heard on the issue of damages, we think basic fairness would require that at least informal notice should have been given to the step plaintiff proposed to take."

In the present case since it is undisputed that Straith was not notified formally or informally of the hearing on the assessment of damages by the trial court, the trial court was correct in vacating the default judgment as to the damages against Straith.

We therefore affirm the order of the Circuit Court of Marion County and remand this case for further proceedings not inconsistent with this opinion.

Order affirmed.

EBERSPACHER and JONES, JJ., concur.