JERRY SIDENSTRICKER, Plaintiff-Appellee, *v.* ROGER DOBBS, d/b/a Dobbs' Grain Bin, Defendant.—(Grain Systems, Inc., Defendant-Appellant.)

Fourth District   No. 4—82—0089

Opinion filed November 22, 1982.

Tenney, Tietz & Heavner, of Decatur (Richard L. Heavner, of counsel), for appellant.

Robert E. Cummins, of Kidwell, Cummins & Bast, of Mattoon, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

Defendant Grain Systems, Inc. (GSI) failed to answer the plaintiff's complaint and was defaulted. More than 30 days after judgment was entered GSI filed a motion to vacate the default; the trial court correctly construed this as a petition for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), and denied it. GSI appeals, and we affirm.

This action stems from defendant Roger Dobbs' agreement to pro-

vide and erect for the plaintiff a grain bin and equipment necessary for its use; Dobbs is not a party to this appeal. Count I of the complaint alleged that Dobbs erected the bin improperly and that the bin and equipment were not what had been ordered. Count II alleged that GSI "was to provide and to supply to [Dobbs] for the use and benefit of Plaintiff a transfer augering system *** but that the proper augering system was not supplied." As a result, the plaintiff had to acquire and install the proper auger himself. Count II also alleged that GSI's "failures to provide the proper equipment" required the plaintiff to try to "repair the bin so that it could be used for its intended purpose." This count does not specify the failures but incorporates the allegation from the first count that the bin was not the one ordered "and was deficient in numerous respects."

The complaint was filed June 1, 1979, and Craig Sloan, president of GSI, was served with a summons and the complaint June 5, 1979. GSI did not file an answer. A hearing was held November 21, 1979, for the plaintiff to prove his damages; GSI was not represented. The plaintiff listed expenses and losses totaling $9,647.50 incurred in correcting the bin and auger, which he said are still not satisfactory. The trial court defaulted GSI and entered a judgment of $9,647.50, plus costs.

Sloan was served with a citation to discover assets January 11, 1980, and 11 days later GSI petitioned to vacate the default judgment. The petition alleged that the plaintiff's lawyer, Robert E. Cummins, and Robert Swiney, an employee of GSI, talked on the telephone about the case June 25, 1979, which was several weeks after GSI's president was served. According to the petition, this conversation left Swiney with the impression that GSI would not need to file an answer. The petition also alleged that GSI did not know of the default judgment until the citation to discover assets was served and that GSI had been diligent and had a meritorious defense. In an affidavit accompanying the petition Swiney asserted that to provide time to settle the dispute, Cummins and he agreed that GSI would be given an extension of time to answer and that judgment would not be entered. Swiney understood from the conversation that the plaintiff would not seek a judgment against GSI until the parties had talked again. Swiney also said that GSI heard nothing from the plaintiff until the citation was served and that GSI was not represented by counsel until January 1980. Swiney explained GSI's defense: defendant Dobbs is an independent contractor who orders bins and augers from GSI, and GSI does not control any aspect of Dobbs' business, including installation; in this case GSI merely supplied the auger ordered by

622

Dobbs and had no part in the agreement between the plaintiff and Dobbs. Accompanying the affidavit is a copy of a letter from Cummins to Swiney; the letter, dated June 26, 1979, and dictated the previous day, says:

"This is to confirm our conversation of today's date to the effect that I will agree that you be granted an extension of time to August 1, 1979, in which to file an Answer to the Complaint filed by Mr. Sidenstricker against you here in Coles County.

The extension of time is granted with the purpose in mind of discussing settlement of the claims pending on behalf of Mr. Sidenstricker."

GSI first argues that the trial court applied the wrong standard in denying its section 2—1401 petition. In a letter to the parties explaining the decision, the trial judge said:

"To enable the Court to vacate a judgment under the provisions of Section 72 of the Civil Practice Act, the movant must show in addition to the meritorious defense that the judgment was entered originally due to mistake or unavoidable inadvertence."

GSI agrees that a meritorious defense must be shown but says that the other requirement is whether the petitioner has been diligent or has a reasonable excuse for the lack of diligence. At least with default judgments, however, this is the same as requiring the petitioner to show "that the judgment was entered originally due to mistake or unavoidable inadvertence," for section 2—1401 is intended to present information *dehors* the record that would have prevented entry of the judgment complained of (*Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740). Thus, a party relying on section 2—1401 "is not entitled to relief 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court.' (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505.)" *Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 504, 322 N.E.2d 25, 27.

As the trial judge noted, Cummins' letter to Swiney explicitly instructed GSI to answer the complaint if the dispute was not settled by August 1, 1979. GSI did nothing. A party must follow his case, and section 2—1401 will not save a party from his or his lawyer's fault or negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) In view of Cummins' instructive letter, GSI's fault in not appearing and answering the complaint is particularly apparent. GSI offers no excuse except Swiney's impression from his conversa-

tion with Cummins June 25, 1979, that the plaintiff would talk with GSI again before seeking judgment. Cummins' letter, which GSI submitted to support its petition, does not say who would initiate settlement discussion.

■ The requirement of diligence in presenting the defense in the original or underlying action is relaxed or ignored when the prevailing party has acted unfairly or unconscionably in obtaining its favorable judgment. (*In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507; *Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 230 N.E.2d 73.) GSI argues that the plaintiff has acted unfairly by waiting more than 30 days after judgment to collect the award, which has been construed as "cast[ing] a 'cloud' upon the proceedings" (*Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1020, 329 N.E.2d 376, 380).

In *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348, the section 2—1401 petitioner alleged that the prevailing party deliberately waited until June 20, 1960, to execute a default judgment entered May 18, 1960, so that the petitioner would not know about the default in the 30-day period after judgment. The supreme court decided that relief was proper for several reasons and said:

> "While not completely controlling or conclusive, further casting a cloud on the proceedings was the conduct of plaintiff in delaying execution until after 30 days from judgment had expired, [citations] and [an unrelated reason]." (27 Ill. 2d 609, 614, 190 N.E.2d 348, 351.)

Within 30 days of judgment a defaulted party may move under section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e)), formerly section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)), to have the judgment set aside. Delays of more than 30 days in execution signify unfairness only if section 2—1301 is easier to proceed under than section 2—1401. Both sections are addressed to the court's equitable powers, but in *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 531, 349 N.E.2d 52, 56, the supreme court said, in reviewing a section 2—1301(e) motion, "We agree with the appellate court that reversal of the judgment [denying the motion] did not require that the circuit court have abused its discretion." The circuit court's ruling on a section 2—1401 petition to vacate a default, however, "will be reversed only for a clear abuse of *** discretion." (*Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 724, 413 N.E.2d 457, 463.) Besides different standards of review, sections 2—1301(e) and 2—1401 require different allegations; in *People ex rel.*

*Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841, the court said of motions under section 2—1301(e):

"Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. [Citations.]" (48 Ill. 2d 402, 406, 270 N.E.2d 841, 843.)

This standard is easier to satisfy than the one required by section 2—1401, which still requires allegations of a meritorious defense and diligence.

The failure to begin efforts to execute a judgment within 30 days of its entry does not by itself render the default unfair or unconscionable; cases that find the original proceedings cloudy because of delay in execution also find other grounds or additional unfair acts to justify relief under section 2—1401 (*e.g., Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292, 360 N.E.2d 1198; *Howard v. Decor Home Builders, Inc.* (1976), 37 Ill. App. 3d 173, 345 N.E.2d 719; *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376; *Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 230 N.E.2d 73). If delay alone vitiated a default, then most section 2—1401 petitions would be granted, which is not the case.

We therefore conclude that the trial court correctly denied GSI's petition.

Affirmed.

WEBBER and MILLS, JJ., concur.