**In re Milton McKINNEY, Debtor.**

No. 95 C 7498.

United States District Court,
N.D. Illinois,
Eastern Division.

July 24, 1996.

William J. Moroney, Law Offices of Lawrence Friedman, Chicago, IL, for Rogers & Hollands Jewelers.

Chester L. Blair, Blair & Cole, Chicago, IL, for Milton McKinney.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Creditor/appellant Rogers & Hollands Jewelers ("Rogers & Hollands") has appealed from Bankruptcy Judge Barliant's order that the money judgment obtained by Rogers & Hollands in a state court detinue action subsequent to debtor Milton McKinney's ("McKinney") bankruptcy action was barred by the discharge in bankruptcy. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1334 and 158(a) and the Federal Rules of Bankruptcy Procedure §§ 8001 et seq.

### FACTS

The facts in this case are undisputed. In April 1993, McKinney filed for bankruptcy in the United States Bankruptcy Court. Pursuant to 11 U.S.C. § 521,[1] McKinney filed a

1. Section 521 entitled "Debtor's duties" provides:

Schedule F list of creditors on which Rogers & Hollands was listed as an unsecured creditor. Rogers & Hollands in fact held a security interest in certain jewelry. This jewelry was not in McKinney's possession at the time of his bankruptcy filing and subsequent discharge, and was not listed as an asset of the bankrupt estate.

On September 9, 1994, McKinney received a Chapter 7 discharge in bankruptcy case number 93 B 8069. Rogers & Hollands did not object to McKinney's listing it as an unsecured creditor, or move to dismiss McKinney's bankruptcy petition either prior or subsequent to the bankruptcy court's September 9, 1994 ruling.

On September 27, 1994, Rogers & Hollands filed a detinue action in Cook County Circuit Court against McKinney seeking the return of jewelry in which Rogers & Hollands held a secured interest. McKinney was served with summons of the detinue action, failed to appear, and a judgment in detinue was entered against McKinney on October 25, 1994. Rogers & Hollands proceeded on its judgment via garnishment in the state court.

On August 10, 1995, McKinney filed a motion for enforcement of the automatic stay and order of discharge before Judge Barliant in the bankruptcy court. In an oral ruling on November 1, 1995, Judge Barliant held that the personal liability of McKinney to Rogers & Hollands was discharged under § 524 of the Bankruptcy Code and, therefore, Rogers & Hollands' judgment was a violation of discharge injunction. The bankruptcy court ordered that any sums collected by Rogers & Hollands in its detinue action be returned to McKinney.

## DISCUSSION

■ On appeal from a bankruptcy court's ruling this court is "constrained to accept the bankruptcy court's findings of fact unless they are clearly erroneous." *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 n. 3 (7th Cir.1988). "A finding is clearly erroneous if upon review of the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed." *First United Sav. Bank v. Edwards*, 184 B.R. 46, 48 (S.D.Ind.1995). The bankruptcy court's legal conclusions are reviewed *de novo*. *In re Yonikus*, 996 F.2d 866, 868 (7th Cir.1993).

■ In its brief, Rogers & Hollands states that the issue before this court is whether a state court detinue action can be prosecuted after a discharge order is entered in a Chapter 7 bankruptcy case. The court notes, however, that the issue on appeal is actually more narrowly defined to whether a detinue action can be prosecuted after a discharge order is entered in a Chapter 7 bankruptcy case where the secured property is not listed as an asset of the bankrupt estate. Rogers & Hollands concedes that there can be no question that a personal liability that a debtor has under the contract for the secured property in question is discharged by the Chapter 7 discharge. It argues, however, that where the creditor has rights in the secured property, such rights are not discharged. The example Rogers and Hollands makes is, "where a debtor files a Chapter 7 [bankruptcy] and surrenders an automobile to a creditor holding a secured interest in the same, it is clear that the creditor would not be entitled to proceed for a deficiency judgment, as said deficiency judgment would be the debtor's personal liability on the contract. However, were the debtor to unlawfully retain the use and enjoyment of the automobile without paying for it after a Chapter 7 discharge, it is equally clear that the creditor

The debtor shall—
(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities ... and a statement of the debtor's financial affairs;
(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
(A) within thirty days after the date of the filing of a petition under Chapter 7 ... the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

.        .        .        .        .

would be entitled to the return of the property or the value thereof."

Rogers & Hollands attached to its brief the slip opinion in *In re: Bvenik,* a 1983 case in which Judge Hart of this court upheld the bankruptcy court's dismissal of the debtor's rule to show cause, finding that a secured creditor of assets listed in the debtor's estate who subsequently filed a state court detinue action was not in contempt for obtaining the security or its value.

The court finds the example and cases cited in Rogers & Hollands' brief inapposite. In the instant case, there is no dispute that the jewelry in which Rogers & Hollands held an alleged security interest was not listed in McKinney's estate's assets. Because there is no evidence to refute the factual finding that the jewelry was no longer being retained or enjoyed by McKinney, it is clear from Rogers & Hollands' own example, and supported by the holding in *Gary Acceptance Corp. v. Napilillo,* 86 Ill.App.2d 257, 261, 230 N.E.2d 73 (1st Dist.1967), that the debt owed by McKinney to Rogers & Hollands was a personal debt that was properly scheduled as such and discharged in the bankruptcy.

In *Gary Acceptance Corp.,* following a discharge in bankruptcy, a secured creditor brought an action in detinue in state court against debtors on household goods belonging to the debtors. 86 Ill.App.2d at 257–58, 230 N.E.2d 73. The defendant debtors had given a note to the plaintiff creditor for money borrowed, and had secured the note with a chattel mortgage on the debtors' station wagon and by a second mortgage on their home. After defaulting on the loan, the creditors repossessed the station wagon and were still owed an unpaid balance of $1130 plus interest on the note. The debtors filed for bankruptcy, scheduled the debt in the bankruptcy proceedings, and were discharged. The debtors' home was foreclosed by the first mortgagor. *Id.* The plaintiff creditor then brought an action in detinue against the debtors for all the household items in the debtors' home or the value thereof in the amount of $3898.08. The debtors were served with summons and failed to appear or file a defense. A default judgment was entered against the debtors in the amount requested. *Id.,* 86 Ill.App.2d at 260, 230 N.E.2d 73.

On appeal, the court reversed the default judgment and held that the debtors had a meritorious defense to the detinue action. *Id.,* 86 Ill.App.2d at 261–264, 230 N.E.2d 73. Addressing the creditor's argument that it had a right to recover in detinue, the court stated:

> Plaintiff contends that because this is an action in detinue to recover personal property and not an action in debt, the defendants' discharge in bankruptcy is no defense. We find no merit in this contention. The gist of an action in detinue is that the defendant is wrongfully in possession of personal property which belongs to the plaintiff. There is nothing to show that the finance company had any interest in the personal property located in defendants' home. Plaintiff's claim against defendants was a personal debt that was properly scheduled and discharged in bankruptcy. To say that a creditor can avoid the consequences of having his debtor's obligation discharged in bankruptcy merely by bringing suit under the label of detinue is to frustrate the purpose of the Bankruptcy Act. This is obviously what plaintiff is attempting.

*Id.,* 86 Ill.App.2d at 261–62, 230 N.E.2d 73.

Like the debtor in *Gary Acceptance Corp,* it is undisputed that at the time of the bankruptcy McKinney no longer had possession of the jewelry in which Rogers & Hollands held a security interest. The court further notes that Rogers & Hollands did not move to dismiss McKinney's bankruptcy petition or to have themselves listed as a secured creditor. It is further uncontested that these facts were known to Rogers & Hollands at the time that it brought its detinue action. Rogers & Hollands has failed to cite to this court any authority to support its argument that a creditor can bring an action in detinue against a debtor who has been discharged in bankruptcy, based on secured property that was not in the bankrupt's estate at the time of the debtor's discharge.

Rogers & Hollands' other argument is equally baseless. Rogers & Hollands ar-

gues that McKinney had a mandatory obligation under § 521(2), cited in footnote 1, to file a statement of intentions of his plan either for keeping or relinquishing secured property. The court notes that it is clear from the plain language of the § 521(2) that such a filing is necessary only for secured assets and liabilities that are secured by property *of the estate.* It is undisputed that the jewelry Rogers & Hollands held an alleged secured interest was not listed as property of the bankrupt estate, nor has Rogers & Hollands put forth any evidence showing that that fact is clearly erroneous. Accordingly, based on the facts in the instant case and the plain language of § 521(2), the court finds that Rogers & Hollands has failed to show that as a matter of law, McKinney was under a duty to file a statement of intention for keeping or relinquishing the jewelry at issue in this case.

In the bankruptcy court below, Judge Barliant held that the money judgment obtained by Rogers & Hollands in its state court detinue action was a violation of the discharge injunction under § 524. Section 524 of the Bankruptcy Code provides:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

Based on the undisputed facts in this case along with the ruling in *Gary Acceptance Corp.,* the court finds that the debt to Rogers & Hollands for jewelry that was no longer in the possession of the estate at the time of the bankruptcy filing was a personal liability. Particularly in light of the fact that Rogers & Hollands failed to contest its status as an unsecured creditor in the bankruptcy proceedings, the court finds that Judge Barliant

was correct in ruling that Rogers & Hollands' subsequent detinue judgment against McKinney violated the discharge injunction under § 524.

## CONCLUSION

For the reasons stated above, the court denies Rogers & Hollands' appeal and affirms Judge Barliant's order granting McKinney's petition for relief.