CHARLES M. D. VERNI, Plaintiff-Appellant, *v.* IMPERIAL MANOR OF OAK PARK CONDOMINIUM, INC., Defendant-Appellee.—(THOMAS DOLAN *et al.*, Defendants.)

First District (3rd Division)   No. 79-2170

Opinion filed September 2, 1981.

Joel S. Ostrow, of Chicago, for appellant.

Sapoznick, Sheridan & Freidin, of Chicago (Robert P. Sheridan, of counsel), for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

Charles M. D. Verni, the plaintiff, appeals from the denial of his section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to vacate an order assessing attorneys' fees against him. The sole issue for review is whether the trial court abused its discretion in denying the petition.

The award of attorneys' fees to the defendant-appellee, Imperial Manor of Oak Park Condominium, Inc. (Imperial Manor), was made to reimburse the defendant for its legal expenses incurred to collect condominium assessments from Verni, a unit owner. When Verni refused to pay the assessments, Imperial Manor brought a forcible entry and detainer action against him. On March 11, 1975, while this action was pending, Verni filed a complaint in chancery seeking injunctive relief and a writ of *mandamus*.[1] The plaintiff sought to enjoin Imperial Manor from proceeding with its forcible entry and detainer action and to compel Imperial Manor and its officers to allow him to examine the books and records of the condominium association.

On April 16, 1975, the plaintiff filed a motion for a temporary restraining order and a preliminary injunction to enjoin the forcible detainer action scheduled for trial on that day. The trial court refused to grant the injunctive relief, gave the plaintiff additional time to file an amended complaint, ordered that the plaintiff be allowed to audit the records of Imperial Manor, and reserved the question of attorneys' fees for the defendant's forcible detainer action and the plaintiff's chancery action. The relief ordered was conditioned upon the plaintiff's payment of $1,582.94 for his past due condominium assessments. Payment was made by check dated April 16, 1975; and the forcible entry and detainer action was subsequently dismissed with prejudice.

Thereafter, the plaintiff was given two extensions of time to file his amended complaint while the defendant was ordered on five occasions to produce certain documents sought by the plaintiff. Plaintiff's amended complaint, filed on February 20, 1976, was stricken on September 14,

---

[1] The amended complaint contained additional counts alleging misrepresentation, concealment, conspiracy to defame and harass, abuse of process and vandalism.

1976. At that time, the plaintiff was given leave to file a second amended complaint, and the issue of attorneys' fees was continued. On February 14, 1977, the plaintiff's action was dismissed with prejudice. The trial court retained jurisdiction over the matter of attorneys' fees and costs. The plaintiff's motion to reinstate his action and grant him leave to file a second amended complaint was denied on May 9, 1977; and on June 17, 1977, the defendant was given leave to file a motion for fees. On March 13, 1978, the trial court entered an order assessing fees in the amount of $6,895 against the plaintiff. Although notice had been sent to the plaintiff's attorneys, neither the plaintiff nor anyone on his behalf appeared at the hearing on the motion for fees.

Citation proceedings against the plaintiff commenced in October 1979. On November 5, 1979, the plaintiff filed his section 72 petition to vacate the order of March 13, 1978. This petition was denied on November 26, 1979.

It is well settled that attorneys' fees cannot be awarded to a successful litigant in courts of law or equity in the absence of an authorizing statute or contract. (*E.g., Meyer v. Marshall* (1976), 62 Ill. 2d 435, 343 N.E.2d 479; *Kolkovich v. Tosolin* (1974), 19 Ill. App. 3d 524, 311 N.E.2d 782.) Where there is such authorization, the statute or contract can only be enforced in terms of its specific language. *Qazi v. Ismail* (1977), 50 Ill. App. 3d 271, 364 N.E.2d 595.

The "Declaration of Condominium Ownership" of Imperial Manor of Oak Park Condominium, Inc., provides in part in article VI (g):

> "If an owner is in default in the monthly payment of * * * charges or assessments for thirty (30) days, the members of the Board may bring suit for and on behalf of themselves and as representatives of all owners, to enforce collection thereof or to foreclose the lien therefor as hereinafter provided; and there shall be added to the amount due the costs of said suit, together with legal interest and reasonable attorneys' fees to be fixed by the court. To the extent permitted by any decision or any statute or law now or hereafter effective, the amount of any delinquent and unpaid charges or assessments, and interest, costs and fees as above provided shall be and become a lien or charge against the unit ownership of the owner involved when payable and may be foreclosed as in the case of foreclosure of liens against real estate. Said lien shall take effect and be in force when and as provided in the Condominium Property Act of Illinois [Ill. Rev. Stat. 1977, ch. 30, par. 301 *et seq.*] * * *."

Section 13.1 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1977, ch. 57, par. 13.1) also provides for the award of reasonable attorneys' fees

and costs in a forcible entry and detainer action based upon the failure of a condominium owner to pay the assessments due.

The plaintiff in the instant case recognizes the above-stated provisions but argues that they are inapplicable because the legal expenditures of Imperial Manor were incurred to defend against the plaintiff's complaint to compel disclosure of the books and records of the defendant corporation and to prosecute the forcible entry and detainer action brought to collect his past due assessments. This is evident, according to the plaintiff, since the defendant's motion for fees sought reimbursement for legal services performed through May 24, 1977, whereas the plaintiff had paid the past due assessments by check dated April 16, 1975, pursuant to the court order entered.

When seeking relief from a default judgment, the section 72 petition must affirmatively set forth facts showing the existence of a meritorious defense to the cause in the original action and the exercise of due diligence on the part of the petitioner in presenting both a defense to the lawsuit and the section 72 petition. (*E.g., American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) Whether or not such a petition is granted lies within the sound discretion of the trial judge, and the trial court's decision will not be disturbed unless there is an abuse of discretion. *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.

The defendant contends that the plaintiff does not have a meritorious defense because the attorneys' fees were properly awarded in accordance with the condominium declaration and statute. The defendant argues that the plaintiff's chancery action was an extension of its forcible entry and detainer action and that the plaintiff's tender of funds in payment of the past due assessments did not end the dispute over the legality and propriety of those assessments.

■■ We have considered the arguments of the parties in this regard and find that the plaintiff has a meritorious defense. The judgment for attorneys' fees entered against the plaintiff was erroneous because it required the plaintiff to reimburse the defendant for all legal expenses incurred as a result of both parties' lawsuits. While the plaintiff's chancery complaint was related to the defendant's forcible entry and detainer action, because it sought to enjoin that proceeding, we believe it was separate and distinct from that action. The primary remedy the plaintiff sought from his action was a court order compelling the defendant to disclose the books and records of Imperial Manor. The plaintiff alleged in his complaint that he had tried unsuccessfully to examine Imperial Manor's books and records which as a unit owner he had the right to do

(see Ill. Rev. Stat. 1977, ch. 30, par. 319). Had the plaintiff's complaint been filed as a single count seeking only the disclosure of defendant's books and records, the defendant would not have been entitled to reimbursement for legal fees for the defense of such an action. Therefore, we find that the defendant is not entitled to be reimbursed for those expenditures in the case at bar merely because the plaintiff sought to enforce his right of inspection while simultaneously seeking to enjoin the defendant's pending forcible entry and detainer action. The award of $6,895 thus was improper to the extent that it covered legal fees incurred to defend against the plaintiff's action to enforce his right to review the records of Imperial Manor.

As the plaintiff has satisfied the meritorious defense requirement for a section 72 petition, we must now determine whether the plaintiff exercised due diligence in presenting his defense to the motion for fees and in presenting his section 72 petition. The facts in the instant case show that on April 17, 1975, the trial court entered an order reserving ruling on the defendant's request for attorneys' fees. The issue of fees was continued on September 14, 1976, December 27, 1976, and February 14, 1977. On June 20, 1977, the defendant filed a motion for fees together with a schedule of time expended. Copies of the motion and schedule were mailed to plaintiff's attorneys on June 8, 1977. By prior court order, the plaintiff was given 28 days to respond to the motion for fees. No response was filed at any time prior to the entry of the order for fees.

On February 14, 1978, the defendant filed a motion asking the court to set a hearing on the issue of attorneys' fees. A copy of this motion was sent to plaintiff's attorneys. The court entered an order on February 15, 1978, which set the hearing on attorneys' fees for March 1, 1978, and gave plaintiff 14 days to respond. On March 7, 1978, the plaintiff's attorneys were sent a copy of the defendant's proposed order for fees and were given notice that the draft order would be presented to the court on March 13, 1978. Neither the plaintiff nor his counsel appeared in court on that date. The court granted the defendant's motion for fees on March 13, 1978, and awarded the entire amount sought by the defendant.

The plaintiff's verified section 72 petition alleged that his first notice of the March 13, 1978, judgment against him was on October 10, 1978, when he received a notice of lien. The section 72 petition stated that Verni tried to discover the details of this judgment from his attorneys, but his attorneys had dissolved their partnership and could not produce the file on his case until several months later. The petition further alleged that the plaintiff obtained new counsel on or about September 17, 1979, when he received notice of the defendant's citation to discover assets. On October 3 and 31, 1979, by agreement of the parties, the court continued the

citation proceedings. On November 15, 1979, the plaintiff filed his section 72 petition.

Relative to the due diligence issue, the plaintiff states that he was not personally served with the defendant's notices and motions in 1978 and that he was not made aware of the money judgment until seven months after it was entered. The plaintiff relies on *Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292, 360 N.E.2d 1198, and *Jansma Transport, Inc. v. Torino Baking Co.* (1960), 27 Ill. App. 2d 347, 169 N.E.2d 829, and argues that the delay in executing on the default judgment is material to an inquiry of diligence. He contends that justice would best be served by vacating the judgment against him.

■■ While not completely controlling or conclusive, the delay in execution of more than 30 days after rendition of a judgment is conduct that casts a cloud on the proceedings and is a factor to be considered in determining due diligence. (*Howard v. Decor Home Builders, Inc.* (1976), 37 Ill. App. 3d 173, 345 N.E.2d 719.) Judgments have not been set aside on this basis alone, however. Additional factors must exist which would compel the conclusion that the party obtaining the judgment would gain an unconscionable advantage if the judgment was not vacated. *Hunt v. General Improvements, Inc.* (1977), 48 Ill. App. 3d 421, 362 N.E.2d 1143.

■■ In our opinion, the plaintiff has not shown due diligence in defending his cause or in filing his section 72 petition. The plaintiff is not excused from the due diligence requirement because the defendant did not send him a copy of its notices and motions in 1978 since plaintiff's counsel was sent copies of those documents. The plaintiff also is not relieved of the consequences of his trial counsel's actions in failing to notify him of the hearing date for the motion for fees and in failing to appear and defend him on that motion for it is the duty of every litigant to follow the progress of his case. The litigant cannot merely assume that his counsel is doing everything which is necessary and proper in the conduct of the case. *Lammert v. Lammert Industries, Inc.*

■■ Similarly, the plaintiff has not shown due diligence by filing his section 72 petition in November of 1979, almost 20 months after judgment and 13 months after notice of lien. While the plaintiff alleged in his petition that the partnership of his legal counsel had dissolved, making it difficult to learn the circumstances of his case, we note that the plaintiff did not obtain other counsel to represent him on post-judgment matters until September of 1979 when the citation proceedings had begun. See *Lammert v. Lammert Industries, Inc.* (six months after execution on default judgment is too long); *Hogan & Farwell, Inc. v. Meitz* (four months after notice of garnishment proceedings is too long).

■■ Reviewing the circumstances in the instant case, however, we believe

1068

that equitable principles require that the default judgment against the plaintiff be set aside even though there has been a lack of due diligence by the plaintiff. A section 72 petition invokes the equitable powers of the court so that a default judgment will not be enforced if it is attended by unfair, unjust or unconscionable circumstances. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Hogan & Farwell, Inc. v. Meitz.*) Under such circumstances, justice and good conscience may require that a judgment be vacated even though there may be a lack of due diligence. (*Hunt v. General Improvements, Inc.*; *Howard v. Decor Home Builders, Inc.*) In the instant case, we believe the interest of fairness and justice requires that the judgment against the plaintiff be vacated. The plaintiff has a right to be heard on the matter of reasonableness of the award for attorneys' fees (*cf. Elfman v. Evanston Bus Co.* (right to be heard on the matter of damages)) and has a meritorious defense to a major portion of that award. Therefore, we find that the trial court abused its discretion in denying the plaintiff's section 72 petition to vacate the judgment entered against him.

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's petition is reversed and the cause is remanded to the trial court for a hearing on the award of attorneys' fees.

Reversed and remanded.

RIZZI, P. J., and WHITE, J., concur.