114 Ill. App.3d 921 (1983)
449 N.E.2d 879
In re APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY  (Connie L. Foster, Plaintiff-Appellee,
v.
Edward J. Rosewell, County Treasurer, Defendant-Appellant).
No. 82-615.
Illinois Appellate Court  First District (1st Division).
Opinion filed May 16, 1983.
Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Susan Condon, Assistant State's Attorneys, of counsel), for appellant.
*922 Stuart Edelstein, of Marovitz, Powell, Pizer and Edelstein, of Chicago (David A. Novoselsky, of counsel), for appellee.
Reversed and remanded.
JUSTICE McGLOON delivered the opinion of the court:
In 1971, plaintiff Connie L. Foster purchased property located at 10635 South La Salle Street. On January 18, 1977, the Cook County collector sold the property because of plaintiff's failure to pay the second installment of the city of Chicago special assessment tax. The property was not redeemed and on September 28, 1979, a tax deed was issued to Atlantic Municipal Corporation.
On October 7, 1980, plaintiff filed an action seeking indemnity under section 247a(4) of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 728a(4)). At a hearing held on June 4, 1981, the following relevant evidence was presented. Plaintiff testified that when he purchased the property in 1971, he executed a mortgage to Chicago Federal Savings and Loan in the amount of $21,500. Each month, he paid $152.01 in principal and interest. He also paid the taxes and insurance. Howard F. Lass, vice-president of the savings and loan, testified that the balance due on the mortgage as of September 28, 1979, was $18,943.09. After plaintiff introduced this evidence, defendant's attorney stated he had no witnesses to call on the issue of liability, but reserved the right to call witnesses on the issue of valuation. The matter was continued generally.
On October 21, 1981, plaintiff mailed to the trial court an appraisal which valued the property at $40,000. Although a notation on the letter accompanying the appraisal indicates that a copy was sent to plaintiff's co-counsel, nothing in the record suggests that a copy was also mailed to defense counsel. Without further hearings, the trial court entered an order on November 16, 1981. The court found that plaintiff was not at fault in losing title and awarded him $36,711.72. Regarding computation of damages, the order specifically provided:
"The Court further finds that Petitioner Connie Foster has sustained damage in the amount of the fair cash market value of the property, of $40,000.00 at the time of the Tax Deed on September 28, 1979, minus the balance of the mortgage note outstanding in the amount of $18,678.75, plus $15,390.57 mortgage principal and interest payments made during the years 1972 through 1980, totalling $36,711.72, the net amount of the damage sustained."
There is no evidence in the record that defendant received notice of the judgment within 30 days after its entry.
*923 On January 18, 1982, defendant filed a section 72 petition seeking to vacate the judgment. The petition alleged that defendant never received notice that the appraisal was being submitted to the court or that a judgment would be entered based thereon. It further alleged that on August 18, 1981, defendant sent a letter to the trial court advising that the amount of damages remained in issue. A copy of this letter was mailed to plaintiff's attorneys, but defendant received no response thereto. Additionally, defendant alleged he was not notified of the judgment and did not learn of it until January 4, 1982, when plaintiff's attorney served defendant with a copy of the judgment. Defendant also alleged that that part of the award reimbursing plaintiff for principal and interest payments was unauthorized under the statute and the award was therefore improper. The allegations of the petition were supported by affidavits. The allegations that defendant never received a copy of the appraisal and was not notified of the judgment were not rebutted by plaintiff. After a hearing, the trial court granted plaintiff's motion to strike the section 72 petition.
 1 Defendant contends the trial court erred in striking the petition. Generally, a petition for relief under section 72 must affirmatively allege facts showing the existence of a meritorious defense, due diligence in presenting the defense, and due diligence in presenting the section 72 petition. (American Reserve Corp. v. Holland (1980), 80 Ill. App.3d 638, 400 N.E.2d 102.) Such a petition is addressed to the equitable powers of the court and should be granted where required by the interests of justice and fairness. Electrical Wholesalers, Inc. v. Silverstein (1977), 47 Ill. App.3d 689, 365 N.E.2d 375.
 2, 3 The facts in this case indicate that defendant was diligent in pursuing the case and presenting its defense. At the first hearing held on June 4, 1981, defendant and plaintiff indicated that there was an issue regarding the damages allowed under the indemnity statute. Defendant reserved the right to present evidence on the issue. Defendant's letter to the trial court dated August 18, 1981, indicated that defendant expected proof of and a hearing on damages and that defendant was attempting to follow the progress of the case. Regarding diligence in filing the section 72 petition, the record suggests that the judgment was not served on defendant until after 30 days after its entry. This fact casts a cloud over the proceedings and is to be considered favorably in determining the issue of due diligence. (Verni v. Imperial Manor of Oak Park Condominium, Inc. (1981), 99 Ill. App.3d 1062, 425 N.E.2d 1344.) In view of the nondisclosure of the judgment for over 30 days and defendant's filing of the section 72 petition about 14 days after discovering that it had been entered, we *924 find that defendant was diligent in presenting the petition to the court.
 4 Additionally, we find that defendant had a meritorious defense to that part of the judgment allowing indemnification for principal and interest payments. Section 247a(4) of the Revenue Act of 1939 provides in part that "[i]ndemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgage or liens thereon." (Ill. Rev. Stat. 1979, ch. 120, par. 728a(4).) The trial court has no discretion in computing the amount of damages and must strictly adhere to the mandate of the statute. (In re Application of Kane County Collector (1981), 102 Ill. App.3d 43, 429 N.E.2d 590.) In the case cited above, the court found that the phrase "limited to" is clearly intended to prevent a property owner from recovering more than his equity in the property. In awarding plaintiff in this case the additional amount paid in principal and interest, the trial court awarded plaintiff more than that allowed under the statute thereby allowing plaintiff to recover more than his equity in the property.
 5 We further note that a party has a right to be heard on this issue of damages. (Verni v. Imperial Manor of Oak Park Condominium, Inc. (1981), 99 Ill. App.3d 1062, 425 N.E.2d 1344, citing Elfman v. Evanston Bus Co. (1963), 27 Ill.2d 609, 190 N.E.2d 348.) Interests of fairness and justice require that a party who has a meritorious defense to a major portion of the award should be heard even though the requirements of due diligence are not met. (Verni.) Thus, even if defendant had not been diligent, it should have been granted the right to be heard on the issue of damages and the judgment should have been vacated.
For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a hearing on damages.
Judgment reversed; cause remanded.
BUCKLEY, P.J., and GOLDBERG, J., concur.