LEWIS F. FABIAN *et al.*, Plaintiffs-Appellants, v. MICHAEL A. NORMAN *et al.*, Defendants-Appellees.

Second District   No. 84—1159

Opinion filed November 25, 1985.

Thomas J. Rupp, of Donald W. Truckenbrod, of McHenry, for appellants.

W. Randal Baudin, of Madsen, Clark, Baudin & Briscoe, of Crystal Lake, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Lewis F. Fabian and Judith Fabian, appeal from an order of the circuit court which vacated a judgment, entered against defendants, Michael A. Norman and Anita Norman, as a sanction for nonattendance at a discovery deposition, and which also denied plaintiffs' motion for judgment on the pleadings. Plaintiffs contend that defendants were not entitled to a vacatur of the judgment for lack of due diligence and a meritorious defense, and that judgment should be entered for plaintiffs on their motion for judgment on the pleadings.

On November 1, 1983, plaintiffs filed a complaint for breach of contract and conversion, alleging that the defendants had conditionally agreed to sell plaintiffs a fast food trailer and thereafter refused to execute a written agreement and repossessed the trailer; plaintiffs sought actual and punitive damages. On March 15, 1984, and on April

4, 1984, notice was served on M. Steven Krupnick, defendants' attorney, for the discovery depositions of the defendants on March 28, 1984, and April 27, 1984, respectively. On both occasions, Krupnick advised plaintiffs' attorney that he would not be available for the depositions due to emergency hearings in Chicago. Plaintiffs scheduled another discovery deposition for May 16, 1984, at 2 p.m. and served notice thereof on defendants' attorney. At 10 a.m. on May 16, plaintiffs' attorney telephoned attorney Krupnick's office and was informed by his secretary that she would attempt to contact attorney Krupnick and verify that the depositions would proceed as scheduled; however, attorney Krupnick never responded, and when defendants failed to appear for the deposition, plaintiffs moved the trial court to impose sanctions.

As requested by plaintiffs, the court entered judgment in favor of the plaintiffs and against defendants. A hearing on the amount of judgment was set for June 20, at which time the court, in defendants' absence, awarded plaintiffs $9,935 in actual damages and $20,000 in punitive damages. Subsequently, plaintiffs served a citation to discover assets on defendant, Anita Norman, which was served on defendants' son. Anita Norman then retained another attorney and on September 27 moved to vacate the judgment, alleging that attorney Krupnick never advised her of the scheduled depositions, nor of the entry of the judgment. Defendant, Michael Norman, who also filed a motion to vacate the judgment, alleged that his nonattendance at the depositions was attributable to his attorney and that he had been unaware of the entry of judgment until his son was served with the citation to discover assets. Plaintiffs, in turn, moved for judgment on the pleadings. A hearing was held on October 17, 1984, at which the court granted the defendants' motions to vacate and denied plaintiffs' motion for judgment on the pleadings.

■■ Plaintiffs have appealed from an order which both granted defendants' motions to vacate judgment, and denied plaintiffs' motion for judgment on the pleadings. A ruling denying a motion for judgment on the pleadings is not an appealable order. (*People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 117, 203 N.E.2d 897; *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1110, 403 N.E.2d 704.) Because the denial of a motion for judgment on the pleadings is interlocutory in nature, the only basis for the appeal thereof are Illinois Supreme Court Rules 307 and 308 (87 Ill. 2d Rules 307, 308), which are not applicable here. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 353, 403 N.E.2d 1260.) Therefore, the order, insofar as it denied

510

plaintiff's motion for judgment on the pleadings, is not appealable; however, we shall review that portion which granted defendants' motions to vacate judgment.

■ Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) (formerly section 72 of the Civil Practice Act) provides a means by which relief may be obtained from final orders and judgments after 30 days from the date of the entry thereof. A petition for relief from judgment is addressed to the equitable powers of the court when the exercise of such power is necessary to prevent injustice. (*Lubbers v. Norfolk & Western Ry. Co.* (1985), 105 Ill. 2d 201, 210, 473 N.E.2d 955; *In re Application of County Treasurer* (1983), 114 Ill. App. 3d 921, 923, 449 N.E.2d 879.) The decision to vacate a judgment rests within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 403, 469 N.E.2d 270; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 673, 360 N.E.2d 1355.

■ The purpose of section 2—1401 is to enable a party to bring to the attention of the trial court any facts which, if known to it at the time judgment was entered, would have prevented the rendition of judgment. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837-38, 449 N.E.2d 560; *American Consulting Associations, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 921, 427 N.E.2d 579, *cert. denied* (1982), 458 U.S. 1112, 73 L. Ed. 2d 1375, 102 S. Ct. 3495.) To be entitled to relief a party must demonstrate (1) the existence of a meritorious defense or claim; (2) due diligence in filing the petition for relief and in presenting the defense in the original action; and (3) the trial court's misapprehension of the facts or a valid defense, through no fault or negligence of the petitioner, when judgment was entered. *Brewer v. Moore* (1984), 121 Ill. App. 3d 423, 427, 459 N.E.2d 1153; *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 921, 427 N.E.2d 579, *appeal denied* (1982), 88 Ill. 2d 549.

■ We first consider whether defendants adequately alleged the existence of a meritorious defense to the original action. Where, as here, a petition for relief from judgment follows an *ex parte* proceeding and alleges the existence of a meritorious defense, a reviewing court will look to the answer on file to satisfy the procedural requirement of pleading such defense. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 602, 304 N.E.2d 763.) In their answer, defendants denied that their agreement with the plaintiffs was conditional and alleged that they had entered into a subsequent oral agreement, the existence of which plaintiffs were estopped to deny once they had taken possession

of the fast food trailer and operated the business.

■ Since the purpose of section 2—1401 is to bring before the trial court matters which, if known to the court at the time judgment was entered, would have prevented the entry of judgment, the judge who entered the initial judgment was in the best position to assess the impact of the defense advanced in the petition. (*American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 644, 400 N.E.2d 102, *appeal denied* (1980), 81 Ill. 2d 583; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 674, 360 N.E.2d 1355.) The record shows that the judge who entered the *ex parte* judgment against the defendants also considered the section 2—1401 motions and we conclude that he properly found that defendants met their burden of alleging the existence of a meritorious defense.

■ However, we do not find that defendants alleged facts showing the exercise of due diligence in filing the motion for relief and in defending the original action. Section 2—1401 does not afford a remedy whereby a litigant may be relieved of the consequences of his own mistakes or his counsel's negligence (*Manning v. Meir* (1983), 114 Ill. App. 3d 835, 838, 449 N.E.2d 560; *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 922, 427 N.E.2d 579, *appeal denied* (1982), 88 Ill. 2d 549). A litigant has the obligation to follow the progress of his case. (*Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 1067, 425 N.E.2d 1344; *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 603, 304 N.E.2d 763.) Since, generally, a client is bound by his attorney's inattentions, these defendants are not relieved from exercising diligence simply because attorney Krupnick did not inform them of the three scheduled depositions and of the entry of a judgment against them. They gave the trial court no excuse for counsel's neglect, nor did defendants submit any legitimate explanation for their own failure to contact attorney Krupnick about the status of their case. However, defendants' lack of due diligence does not absolutely bar them from obtaining relief from judgment, as justice and good conscience may require that a judgment be set aside even though there has been a lack of due diligence. (*In re Application of County Treasurer* (1983), 114 Ill. App. 3d 921, 924, 449 N.E.2d 879; *Geller v. General Motors Corp.* (1980), 87 Ill. App. 3d 972, 976, 410 N.E.2d 262; *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1019, 329 N.E.2d 376.) For this reason, we consider the circumstances under which judgment was entered.

Plaintiffs sought entry of judgment against the defendants as a sanction for defendants' failure to attend a discovery deposition. Plaintiffs' motion for sanctions alleged that notice of the deposition

was served on defendants' attorney and that plaintiffs attempted to confirm that the deposition would proceed as scheduled; but defendants neither appeared for the deposition nor did their attorney reply to plaintiffs' telephone call. The court entered judgment against the defendants and, in a subsequent hearing on the amount of judgment, awarded plaintiffs $29,935 in damages. Although judgment was entered in an *ex parte* proceeding, it was not a default judgment since defendants had filed an answer, which the court neglected to strike.

■ Illinois Supreme Court Rule 219(c) authorizes the court to impose sanctions, including an order striking the pleadings and entering judgment, if a party refuses to comply with the discovery rules. (87 Ill. 2d R. 219(c).) The purpose of sanctions is to promote discovery and not to punish the noncomplying party. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196, 226 N.E.2d 6.) The question of the appropriate sanction, if any, is within the discretion of the trial court and its decision will not be disturbed on review absent an abuse of discretion. (*Ashford v. Ziemann* (1984), 99 Ill. 2d 353, 368-69, 459 N.E.2d 940; *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1028, 398 N.E.2d 24, *appeal denied* (1980), 79 Ill. 2d 634.) The entry of a default judgment is the most severe sanction a court can impose on a party, and is only proper where the actions of a party show deliberate, contumacious, or unwarranted disregard of a court's authority. *Barnes v. Black & Decker Manufacturing Co.* (1984), 135 Ill. App. 3d 700, 706, 481 N.E.2d 1200; *Hansen v. Skul* (1977), 54 Ill. App. 3d 1, 3, 369 N.E.2d 267.

The only transgression for which a sanction was imposed in the present case was defendant's failure to attend the deposition set for May 16, 1984. In moving to vacate the judgment, defendants explained that their former attorney had not informed them about the deposition. There was no evidence before the court of any wilful obstruction of the discovery process nor of repeated noncompliance with requests for discovery; the record shows that two earlier depositions had been rescheduled by agreement of the parties. It does not appear that counsel made any real effort to resolve any differences over discovery before moving for the imposition of sanctions, as required by Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)). See *Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27, 436 N.E.2d 1068.

■ Under these circumstances, the entry of an *ex parte* judgment was an inappropriate sanction for defendants' noncompliance with discovery, and the trial court properly vacated the judgment in the exercise of its equitable powers. Upon remand, the court may consider another suitable sanction, as provided by the rules. 87 Ill. 2d R. 219(c).

Accordingly, the order of the circuit court granting defendants' motion to vacate judgment is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.