CARL L. KLEIN, Plaintiff-Appellant, v. STEEL CITY NATIONAL BANK, as Trustee, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—1189

Opinion filed March 25, 1991.—Rehearing denied May 9, 1991.

Carl L. Klein, of Oak Lawn, appellant *pro se.*

Sosin & Schuster, Ltd., of Alsip (Naomi H. Schuster and Kimberly A. Opasinski, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Carl L. Klein, appeals from an order entered by the trial court which severed a previously consolidated law action filed by Klein from a municipal action filed by defendants, Steel City National Bank, as trustee under trust No. 894, and 4544-50 Partners, against Klein; and which granted defendants' section 2—1401 motion (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to vacate a dismissal for want of prosecution order (the DWP order) as to the municipal action. The municipal action was predicated on an office lease executed on October 31, 1980, by Steel City, as lessor, and Gerhardt Gliege and Carl L. Klein, as lessees. The law action filed by Klein against defendants arose out of the municipal action and alleged breach of the lease, fraud, and willful and wanton misconduct. On appeal, Klein contends that: (1) the trial court erroneously entered an order *sua sponte* to sever the previously consolidated municipal and law actions; (2) the trial court improperly granted defendants' section 2—1401 motion to vacate the DWP order as to the municipal action; and (3) defendants should have been barred from filing any pleadings or maintaining any claim as the result of their alleged failure to comply with Klein's discovery requests. For the following reasons, the judgment of the trial court is affirmed.

The following facts are relevant to this appeal. On December 16, 1983, 4544-50 Partners, as lessors, filed a one-count municipal complaint (No. 83—M5—2244) against Carl L. Klein, as lessee, seeking $3,679.27 in real estate taxes for the period from August 24, 1983, to December 16, 1983, plus costs. The complaint was subsequently amended to add a request for attorney fees to the original count and to add a second count which alleged that Klein had failed to pay the sum of $1,700 for rent for the period from December 1, 1983, and sought $1,700 plus attorney fees and costs. In an order entered Sep-

tember 21, 1984, the trial court allowed an oral motion by 4544-50 Partners to amend its complaint on its face to add Steel City National Bank, as trustee under trust No. 894, as a party plaintiff.

On December 27, 1984, Klein filed a six-count complaint at law (No. 84—L—27093) against defendants. Counts I through IV alleged breach of the lease, count V alleged fraud in the computation of real estate tax increases, and count VI alleged willful and wanton misconduct in the filing of the municipal action. On Klein's motion, the trial court consolidated the municipal action and the law action into case No. 84—L—27093.

On July 30, 1985, defendants moved for judgment on the pleadings as to the municipal action and also moved to strike Klein's law action complaint. When Klein failed to appear at the hearing on defendants' motions, the trial court granted both motions and entered judgment on November 25, 1985, against Klein in the amount of $5,379.27 plus $1,500 in attorney fees plus costs. Klein's motion to vacate the November 25, 1985, order was denied on June 10, 1986. Klein then filed a motion to vacate the June 10, 1986, order. The trial court granted the motion, thereby reinstating Klein's motion to vacate the November 25, 1985, order, which the court also granted. As a result, defendants' motions for judgment on the pleadings (the municipal action) and to dismiss (the law action) were reinstated.

On January 15, 1987, before defendants' motions were ruled upon, Klein filed an amended complaint. Thereafter, in an order dated March 10, 1987, the trial court: (1) granted defendants' motion to strike Klein's law action; (2) granted leave for Klein to file an amended complaint *instanter*; (3) entered judgment on the pleadings as to the municipal action; and (4) granted defendants leave to file an affidavit for attorney fees regarding the municipal action.

Klein then filed motions to vacate the March 10, 1987, order and to declare the March 10, 1987, order invalid on the ground that it failed to indicate the specific amount of the money judgment. In response, defendants filed motions to amend or modify the March 10, 1987, order to provide for the award as prayed for in the amended complaint and as incorporated in the motion for judgment on the pleadings. On June 25, 1987, the trial court entered its order denying Klein's motions and granting defendants' motion to modify the June 10, 1987, order. As a result, judgment was entered on the pleadings as to the municipal action and Klein filed an amended complaint in the law action.

Klein then moved to vacate the June 25, 1987, order, and filed a second amended complaint. Before the motion to vacate was ruled

upon, defendants moved to strike and dismiss the second amended complaint and for an award of attorney fees. Defendants' motion was granted as to counts II and III of the second amended complaint, but denied as to count I and its request for sanctions. Further, Klein was granted leave to file a third amended complaint, which he did. During these proceedings, no ruling was made on Klein's motion to vacate the June 25, 1987, order.

On February 2, 1988, Klein moved to vacate the March 10, 1987, order and all related orders. The trial court denied this motion on May 24, 1988. As a result, judgment on the pleadings remained as to the municipal action and Klein's third amended complaint was still viable. On July 6, 1988, defendants moved to dismiss Klein's third amended complaint. Subsequently, on July 20, 1988, Judge Sudak entered the DWP order as to case No. 84—L—27093.[1] Despite the DWP order, on August 30, 1988, an order was entered by Judge Lassers in the consolidated action, continuing the matter to September 27, 1988, for a ruling on the posture of the case, and allowing either party to file briefs on or before September 20, 1988. Defendants then filed their brief. The record does not indicate whether a brief was filed by Klein.

On November 4, 1988, prior to a ruling on the posture of the consolidated action, defendants filed a "Motion for Special Findings or, in the alternative, a motion to vacate in part the order of July 20, 1988, of dismissal for want of prosecution pursuant to section 2—1401 of the Illinois Code of Civil Procedure." Following a hearing on defendants' motion, the trial court entered an order, dated April 25, 1989, setting forth the following adjudications: (1) Klein's law action and defendants' municipal action were severed on the court's own motion; (2) defendants' section 2—1401 motion to vacate the DWP order was granted as to the municipal action; and (3) pursuant to Klein's request, that portion of the DWP order dismissing Klein's law action remained in full force and effect. In another order entered the same day, the municipal action was transferred to the municipal branch for a determination of attorney fees and costs. Klein's timely appeal from the April 25, 1989, order followed.

■ Initially, Klein contends that the trial court erroneously entered an order *sua sponte* to sever the previously consolidated municipal and law actions. In response, defendants contend that Klein has

---

[1]It is unclear as to whether the DWP order referred to the consolidated action or to only Klein's law action.

waived this issue on appeal by failing to object to the trial court's *sua sponte* order to sever. It is well established that to preserve a question for review, a party must make an appropriate objection in the trial court. Failure to do so constitutes a waiver of that issue on appeal. (*Brown v. Timpte, Inc.* (1985), 137 Ill. App. 3d 1053, 485 N.E.2d 488.) This court's review of the record supports defendants' contention. Accordingly, Klein has waived this issue for review. However, even if this issue were not waived, Klein's argument would not provide grounds for reversal.

■ Klein argues that the trial court had no jurisdiction to enter the *sua sponte* order and that the order denied Klein's constitutional right of due process. As support for his position that the trial court lacked jurisdiction to enter a *sua sponte* order to sever, Klein relies on *Johnson v. Miller* (1894), 55 Ill. App. 168. However, *Johnson* does not support Klein's contention and, in fact, supports a contrary conclusion. The *Johnson* court defined the test for determining "jurisdiction" as whether the tribunal had power to act, not whether "its methods were regular, its findings right or its conclusions in accordance with the law." Further, the *Johnson* court stated that the court's power to proceed to judgment is not dependent upon the written pleadings of parties. Instead, if the allegations either directly or inferentially show that the parties either sought the judgment or were entitled to it, the judgment would be shielded from collateral attack. (55 Ill. App. at 176.) Thus, *Johnson* acknowledges that judgments may be entered pursuant to express requests by the parties or by the court's own determination of entitlement. The propriety of entering a *sua sponte* order to sever is further supported by *Knab v. Alden's Irving Park, Inc.* (1964), 49 Ill. App. 2d 371, 199 N.E.2d 815, in which the court held that when no motion to sever has been made by the parties, the duty devolves upon the trial court to order a severance.

■ Moreover, section 2—1006 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1006) expressly authorizes a trial court to sever an action "whenever it can be done without prejudice to a substantial right." The trial court is given broad discretion in making that determination (*Galliher v. Holloway* (1985), 130 Ill. App. 3d 628, 474 N.E.2d 797; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327), and it will not be reversed absent evidence of prejudice. (*Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 395 N.E.2d 592.) In the present case, Klein's sole claim of prejudice by the severance action was that he was denied his constitutional rights to due process. In our view, his claim is unfounded. Klein was present at the time the order was entered and had the op-

portunity to argue against severance or to request a continuance to address the issue. He chose to do neither. Due process guarantees the opportunity to be heard. If a party does not take advantage of that opportunity, he cannot later rely on his failure to act as grounds for reversal. Accordingly, because Klein has failed to show how the trial court's order severing the consolidated action prejudiced a substantial right, we conclude that the trial court properly entered the order to sever *sua sponte*.

■ Klein further argues that the severance order of April 25, 1989, was invalid because at the time it was entered, the DWP order was still in effect. Therefore, there was nothing to sever. Klein's argument is erroneously predicated on the following sequence in which the trial court listed the adjudications in the April 25, 1989, order:

"1. The previously consolidated law action filed by Klein and municipal action filed by Steel City are hereby severed on the court's motion.

2. The motion of Steel City to vacate the order of 7-20-88 of Dismissal for Want of Prosecution as to the municipal case is granted pursuant to Sec. 2—1401.

3. On the request of Carl Klein in open court the order of dismissal as to the law action remains in full force and effect.

4. The municipal cause is hereby transferred to Judge Foreman for all further proceedings."

Contrary to Klein's contention, the sequence in which a trial court lists its various adjudications within an order does not affect either the validity of the individual adjudications or the validity of the order itself. (*In re S.J.K.* (1986), 149 Ill. App. 3d 663, 500 N.E.2d 1146.) Accordingly, we reject Klein's contention that the adjudication to sever was invalid because it sequentially preceded the adjudication to vacate the DWP order.

In addition, Klein contends that on April 25, 1989, no municipal action existed for the court to sever because, on August 26, 1988, he had paid all of the monetary demands made by defendants in the municipal action. Specifically, count I of defendants' municipal action asked for $3,679.27 for real estate taxes pursuant to the Lease. Count II asked for $1,700 for the December 1983 rent. Following the DWP order, Klein allegedly paid defendants the $3,679.27 requested under count I and $200 of the amount requested under count II, crediting his $1,500 security deposit against the last month's rent. Without authority, Klein argues that defendants' alleged acceptance of this amount "constituted full satisfaction of any and all claims" that defendants had against Klein. Therefore, according to Klein, the mu-

nicipal action became "null and void" and there remained no municipal action to be severed.

In response, defendants do not dispute the amount paid by Klein, but they argue that that amount does not satisfy the total amount sought under the municipal action because there remained a determination of attorney fees to be awarded to defendants pursuant to the March 10, 1987, order. Therefore, Klein's payment had not extinguished the claim.

■ The record supports defendants' position. After the DWP order was entered, Klein paid the amount claimed by defendants for real estate taxes and rent, crediting himself for the security deposit already paid. However, at the time he made the payment, the question of attorney fees was still before the court. Therefore, monetary claims under the municipal action were pending at the time the April 25, 1989, order was entered.

Next, Klein contends that the trial court erred in granting defendants' section 2—1401 motion to vacate the DWP order as to the municipal action. Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) provides, in pertinent part:

> "Relief from judgments. (a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. ***
>
> (b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.
>
> (c) The petition must be filed not later than 2 years after the entry of the order or judgment."

■ ■ The purpose of section 2—1401 is to allow a party to bring to the trial court's attention any facts which, if the trial court had known them at the time of judgment, would have prevented the entry of the judgment. (*Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) Section 2—1401 relief is addressed to the equitable powers of the trial court and its decision will not be disturbed on review absent a showing of abuse of discretion. (*Fabian v. Norman*, 138 Ill. App. 3d 507, 486 N.E.2d 335.) The party seeking section 2—1401 relief must establish: (1) the existence of a meritorious defense or claim; (2) due diligence in filing the petition for relief and in presenting the defense in the original action; and (3) the trial court's misapprehension of the facts or a valid defense, through no fault or negligence of the petitioner, when judgment was entered. Because relief is

granted under this section to achieve justice, courts use a liberal construction of the circumstances to achieve that result. *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 449 N.E.2d 1021.

In the present case, at the time judgment was entered on the pleadings as to the municipal action on March 10, 1987, the matter was continued to determine the effect, if any, of Klein's security deposit on the amount of the judgment and a date was set for a hearing on defendants' motion for attorney fees in the municipal action. Subsequently, on May 24, 1988, the trial court resolved the issue as to the security deposit and set June 21, 1988, for a hearing on attorney fees. The hearing was subsequently continued to July 12, 1988, then to August 30, 1988. While defendants' motion for attorney fees was pending before Judge Lassers, Judge Sudak entered the DWP order as to case No. 84—L—27093. In light of the fact that judgment on the pleadings had been entered as to the municipal action, defendants interpreted the DWP order to apply only to the law action, which had also been numbered 84—L—27093 prior to the consolidation. However, Klein claimed that the DWP order dismissed the consolidated municipal/law action, not just the legal action. When the parties appeared before Judge Lassers on August 30, 1988, for a hearing on defendants' motion for attorney fees, Klein and defendants argued their positions as to the status of the municipal and law actions. Following their arguments, the trial court stated:

"I will tell you folks, here is my view: I think there are several possibilities here which can have serious consequences for the parties. One, there is the possibility the 84L case only was DWP's [*sic*] leaving only the 83 M5 case. Number two, is the possibility that the 84L case and 83 M5 case were DWP'd.

It seems to me that this may depend on the effect of a consolidation order. There is a third possibility, did Judge Sudak have jurisdiction? If not, is the 7/20/88 order void? If so, is the case in the same posture it was? And four, who decides if an order is void?

Now, you know this case has been so hotly contested I am reluctant to make snap rulings here. I think that we ought to take a look at the court file and see what the orders really are. And I think that the parties ought to have an opportunity to do more in the way of research that I can't do by thumbing through the Annotated Statutes."

The trial court then continued the cause to September 27, 1988, to determine the posture of the case. Pending the ruling, defendants filed their section 2—1401 motion to vacate the DWP order. With respect

to the three prerequisites for section 2—1401 relief, *i.e.*, meritorious claim, due diligence and the trial court's misapprehension of the facts, defendants argued that the March 10, 1987, order granting judgment on the pleadings as to the municipal action evidences the existence of their meritorious claim. With respect to their due diligence, defendants asserted that their section 2—1401 motion had been presented with due diligence in that they had not learned until August 30, 1988, at the hearing on their motion for attorney fees, that the DWP order had acted to dismiss the municipal action. At that time, an order was entered continuing the cause to September 27, 1988, for a ruling on the posture of the case. Pending the ruling as to the effect of the DWP order on the pending petition for attorney fees in the municipal action, defendants filed their section 2—1401 motion. Regarding the trial court's alleged misapprehension of the facts, defendants argued that because of the confusion as to the status of the law action and the municipal action at the time the DWP order was entered, the trial court entered the order under a misapprehension of the facts.

■■ ■ The section 2—1401 prerequisite that the trial court must have misapprehended the facts is not at issue on appeal. Regarding the necessity for a meritorious claim, Klein argues that no claim existed because of his prior payment to defendants. As previously discussed, Klein's payment did not moot the municipal action. Moreover, in our view, judgment on the pleadings in the municipal action is sufficient evidence of a meritorious claim to satisfy the section 2—1401 prerequisite. The principal thrust of Klein's argument that the trial court erred in granting defendants' section 2—1401 motion is that it was not filed with due diligence. In addressing the element of diligence, courts are primarily concerned with determining whether a party has willfully disregarded the process of the court or is so indifferent to it that he is chargeable with culpable negligence. (*Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 449 N.E.2d 1021.) The record clearly indicates that defendants had not acted in willful disregard of the court process. Defendants had had judgment entered on their pleadings in the municipal action on March 10, 1987, and had been actively pursuing an attorney fee determination since that date. As evidenced by the order of July 12, 1988, the hearing on fees was set for August 30, 1988, and a pleading schedule was set regarding the law action, which provided for Klein to file his response to defendants' motion to strike Klein's third amended law action by August 9, 1988, and for defendants to reply to Klein's response by August 23, 1988. There is no order in the record setting up a pretrial conference or a status hearing for July 20, 1988, the date the DWP

order was entered. In that regard, we note that none of the parties appeared on July 20, 1988.

■■■ When defendants and Klein appeared at the scheduled August 30, 1988, hearing, Klein argued that the DWP order had dismissed the municipal action. Defendants diligently argued against Klein's position, and the cause was continued to September 27, 1988. On November 4, 1988, pending the trial court's determination of the posture of the consolidated action, defendants filed a section 2—1401 motion to vacate the DWP order as to the municipal action. Based on the actions taken by defendants throughout the trial court proceedings, we find that defendants exercised the necessary due diligence in filing their section 2—1401 motion.

Finally, upon review of those cases relied upon by Klein to demonstrate lack of diligence in filing a section 2—1401 motion to vacate, we find that they are factually distinguishable and unpersuasive: *Shaw v. Carrara* (1942), 312 Ill. App. 410, 38 N.E.2d 785 (petition to vacate default judgment filed 34 days after judgment entered failed to show that petitioner had acted with diligence); *Elmwood Ford Motors, Inc. v. Mardegan* (1963), 42 Ill. App. 2d 342, 192 N.E.2d 445 (defendant failed to make a sufficient showing of a meritorious defense or due diligence); *Groves v. Sebastian* (1968), 98 Ill. App. 2d 347, 240 N.E.2d 192 (49 days had elapsed since garnishee summons on August 4 without any action by defendant-insurer after undisputed knowledge that defendant-insurer had known of May 20 judgment); *Houston v. Churchill* (1968), 100 Ill. App. 2d 56, 241 N.E.2d 560 (defendant's insurer failed to file an appearance and defend, ignored a post-judgment letter, and did not take steps to vacate the judgment until garnishment proceedings were instituted). Accordingly, we find that the trial court properly granted defendants' section 2—1401 motion.

Next, Klein argues that defendants should have been barred from filing any pleadings or maintaining any claim as the result of their alleged failure to comply with Klein's discovery requests. On February 4, 1988, Klein filed a motion for sanctions against defendants for failure to respond to his discovery requests. At the February 4, 1988, hearing, defendants explained that they had not complied due to their pending motion to strike Klein's complaint. When the trial court struck only part of Klein's complaint, defendants stated that they would comply with discovery within 30 days. Accordingly, Klein withdrew his motion for sanctions. Before the 30-day period expired, Klein refiled his motion for sanctions.

■■■ In response to Klein's argument, defendants argue that Klein never noticed up the February 22, 1988, motion for a hearing

and, thus, no hearing was held or order entered. In his reply brief, Klein admits that, at the time the DWP order was entered, his February 22, 1988, motion for sanctions had been filed, but not noticed up for a hearing. As a general rule, an issue not presented to or considered by the trial court cannot be raised on appeal. (*Jachera v. Blake-Lamb Funeral Homes, Inc.* (1989), 189 Ill. App. 3d 281, 545 N.E.2d 314.) For this reason and the absence of relevant legal authority to support his position (*Brown v. Tenney* (1988), 125 Ill. 2d 348, 532 N.E.2d 230), Klein has waived this issue for review.

Based on the aforementioned, the judgment of the trial court is affirmed.

Affirmed and remanded.

MANNING, P.J., and O'CONNOR, J., concur.