REGAN D. EBERT, Indiv. and as Trustee on Behalf of the Town of Maine, Plaintiff-Appellant, v. MARK THOMPSON, as Supervisor of the Town of Maine, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—95—3185

Opinion filed June 28, 1996.

David F. Platek, of Chicago, for appellant.

Segal, McCambridge, Singer & Mahoney, Ltd., of Chicago (Gregory E. Rogus and Michael W. Drumke, of counsel), for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Regan Ebert, an elected trustee of the Town of Maine, filed a complaint for injunctive relief against the town's supervisor and administrator. Ebert sought access to lists of participants in social programs funded by the Town of Maine. She alleged that, as an elected trustee of the Town of Maine, she had a right of access to the lists. Defendants Mark Thompson, the supervisor of the Town of Maine, and Pamela Anderson, the administrator of the Town of Maine, contended the records sought by plaintiff were confidential and exempt from dissemination, even to an elected trustee, under

section 7(1)(b)(i) of the Illinois Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 1994)). The parties filed cross-motions for summary judgment.

The trial court ruled: "The plaintiff is an elected public official. Part of the duties of the plaintiff as an elected public official [is] to audit. As such, the elected public official is entitled to reasonable access to the books and records necessary to perform that function." The court then granted plaintiff's request for injunctive relief and ordered the records turned over to her. Defendants did not appeal this order.

■ Plaintiff subsequently filed a petition in the same proceeding for attorney fees under section 11(i) of the Freedom of Information Act. That section reads:

"(i) If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 1994).

The trial court denied plaintiff's petition and stated: "There is no statutory authority here for the fees. FOIA was incidental insofar as having been raised by the defendants. The action was not brought under FOIA, so it's not a basis for fees." The court also denied plaintiff's request for sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137), because "[g]ood faith was found by the court."

Plaintiff appeals this ruling and argues the trial court erred when it denied her petition for fees. She admits in her brief that "no mention was made anywhere within the body of the pleading claiming any particular statute or other authority as the basis for the relief sought." She argues, however, that she is "entitled to recover attorney fees pursuant to the Illinois Freedom of Information Act and no special pleading requirement is necessary in order to vest the trial court with jurisdiction to make an award of fees under the Act." We disagree.

■ Supreme Court Rule 133 reads: "(a) Statutory Duty. If a breach of statutory duty is alleged, the statute shall be cited in connection with the allegation." 134 Ill. 2d R. 133(a). Plaintiff did not allege in her complaint that defendants breached a duty under the Freedom of Information Act. She admits the "complaint filed in this case stated a cause of action for injunctive relief based upon the unlawful acts of the defendants in denying the plaintiff's request for access to public records that she was clearly and obviously entitled to possess in the

performance of her official duties as a trustee of the Town of Maine." She argued in her motion for summary judgment, in response to the defenses raised by defendants under the Freedom of Information Act, that "the Act simply does not apply in this case since plaintiff is an elected official of the Town of Maine." She also argued "[t]here is no suggestion whatsoever anywhere in the complaint that the plaintiff has made any request for information pursuant to the Illinois Freedom of Information Act." The trial court rulings make clear that the court agreed with the original position of the plaintiff.

■ It is undisputed that plaintiff failed to plead a statutory cause of action as is required by the supreme court rules. See also *Harney-Morgan Chevrolet Olds Co. v. Rabin*, 118 Ill. App. 3d 602, 455 N.E.2d 130 (1983). We also note the language in section 11 of the Act allowing a court to award fees where "a person seeking the right to inspect or receive a copy of a public record substantially prevails in a *proceeding under this Section*." (Emphasis added.) 5 ILCS 140/11(i) (West 1994). Plaintiff maintained throughout the litigation that she was not proceeding under the Freedom of Information Act.

The issue of the Freedom of Information Act was injected by defendants, in their motion for summary judgment, based upon the nature of the records sought. The trial court ruled that plaintiff was entitled to the records in her role as an elected official, rejecting the defense argument based upon the nature of the records. Defendants did not appeal that order. Since the relevancy of the Freedom of Information Act was resolved in the trial court and not appealed, plaintiff cannot now claim that remedies under the Act are relevant on appeal.

Attorney fees cannot be awarded to a successful litigant in courts of law or equity in the absence of an authorizing statute or contract. *Verni v. Imperial Manor of Oak Park Condominium, Inc.*, 99 Ill. App. 3d 1062, 425 N.E.2d 1344 (1981). The trial court correctly denied plaintiff's petition for attorney fees.

■ We further find no abuse of discretion in the court's refusal to impose sanctions under Rule 137 (134 Ill. 2d R. 137), based upon its finding that defendants acted in good faith.

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.