2020 IL App (1st) 190232-U

No. 1-19-0232

Third Division
May 20, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARIANNA MCMAHON and KRYSTIAN MISTERKA, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| MONIKA KULIG, | ) ) | |
| Defendant-Appellee. | ) ) | No. 16 L 010063 |
| _____ | ) | Cons. with |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a/s/o JULIA JOWAK, | ) ) ) | No. 17 M1 13210 |
| Plaintiff | ) ) | |
| v. | ) ) | |
| MONIKA KULIG, | ) ) | Honorable John P. Callahan, Jr. |
| Defendant. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in refusing to sever consolidated cases or in excluding a photograph from evidence.

¶ 2    On February 22, 2015, defendant Monika Kulig was the driver of a vehicle that collided with the vehicle of Martha Basurto before also striking a parked car. Plaintiffs Marianna McMahon and Krystian Misterka, who were passengers in Kulig's vehicle, sued Kulig for injuries allegedly sustained in the accident. Plaintiffs' case was later consolidated with a property damage action brought against Kulig by State Farm Mutual Automobile Insurance Company (State Farm), the insurer of the parked car. After a trial, the jury rendered a verdict in favor of Kulig. The trial court subsequently denied plaintiffs' motion for a new trial and a motion to reconsider that denial. Plaintiffs now appeal, arguing that the court abused its discretion by refusing to (1) sever their claims from those of State Farm, and (2) allow them to introduce a post-accident photograph of Kulig's vehicle into evidence. For the following reasons, we affirm.

¶ 3    I. BACKGROUND

¶ 4    On December 21, 2016, plaintiffs filed an amended complaint alleging negligence against both Kulig and Basurto.[1] According to the amended complaint, "a collision occurred" between Kulig's and Basurto's vehicles because Kulig "[n]egligently, carelessly, and improperly overtook [Basurto] at an unsafe distance" while Basurto "made a left turn into [Kulig's] vehicle." The amended complaint also alleged that Kulig was negligent because she "operated [her] vehicle at an excessive rate of speed" and "failed to keep [her] vehicle under proper and sufficient control so

---

[1] The amended complaint also alleged negligence against a Martha Bocanegra, which was apparently an alias Basurto gave to police following the accident.

that it could be readily stopped and slackened in speed." Plaintiffs voluntarily dismissed their claims against Basurto in June 2017 and proceeded only on their claims against Kulig.

¶ 5    On August 24, 2017, the trial court entered an order consolidating plaintiffs' and State Farm's respective claims against Kulig. No objection to the consolidation nor any transcripts of a hearing regarding the motion to consolidate appear in the record on appeal.

¶ 6    The record also does not contain any transcripts from the trial proceedings. What does appear in the record are depositions from two doctors who treated plaintiffs (which are essentially irrelevant to the issues presented on appeal) and a two-paragraph bystander's report prepared by plaintiffs' trial counsel. According to that report, plaintiffs' counsel made an oral motion to sever the cases "[p]rior to the start of the trial,"[2] which was denied. Counsel also showed the trial court a post-accident photograph of Kulig's vehicle that plaintiffs sought to introduce "for a number of reasons," including as evidence that Kulig was speeding before the accident. The court excluded the photograph, but the bystander's report does not explain why.

¶ 7    The case proceeded to trial, where the jury found in favor of Kulig. Plaintiffs filed a motion for a new trial, arguing that the trial court erred by refusing to sever the cases or admit the post-accident photograph of Kulig's vehicle. At the hearing on the motion, the transcript of which is included in the record on appeal, plaintiffs argued that they were prejudiced by the consolidation because the fact that Kulig was being sued by State Farm while not being defended by her own insurance company caused "a very high likelihood of confusion [and] of feeling really sorry for [Kulig], that [Kulig] actually didn't have insurance." The court denied the motion with respect to

---

[2] According to Kulig, the oral motion to sever was made on the day of trial and without any notice. Plaintiffs do not dispute that characterization, nor do they explain why they did not move to sever until more than one year after the cases were consolidated.

the severance issue, stating that State Farm was a "proper party in this particular event" and that plaintiffs received a fair trial. The court also specifically noted that plaintiffs' trial counsel "put on an excellent case given what he had" and that State Farm "never interjected themselves in any way into the plaintiffs' case during the course of this trial."

¶ 8 Regarding the admissibility of the post-accident photograph, plaintiffs argued that it was "not [an] abuse of discretion but [an] error of law to require expert testimony [to use] this photograph for the purposes of showing that [Kulig] was speeding" because that issue was not outside the understanding of an average juror. In response, the court asked plaintiffs' counsel why the photograph made it more likely that Kulig was speeding. Counsel replied, "Because she couldn't stop" and, "Because the car entered into a pile of heap." The court opined that the photograph alone would not "let a juror know whether the person driving that car had been speeding before the accident" without such information as the type of car it was, the material of which it was made, or the "quality of construction." Plaintiffs' counsel continued to argue that any reasonable juror would have concluded that Kulig was speeding based on the photograph. The court ultimately denied the motion for a new trial, stating that the photograph was not "really relevant" because it was not "going to lend anything other than speculation to this jury" where there were two separate collisions and "[t]hey heard four witnesses testify about the speed or lack of speed during the course of this accident."

¶ 9 Plaintiffs subsequently filed a motion to reconsider, arguing that *Peach v. McGovern*, 2019 IL 123156, which was decided by our supreme court just weeks after the trial court denied the motion for a new trial, held that post-accident photographs "are relevant and that juries should be permitted to consider photographs that depict the damage or lack thereof to the vehicle." The

record does not contain any ruling on the motion to reconsider, but it was apparently denied. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11                                  A. Motion to Sever

¶ 12     On appeal, plaintiffs first argue that the trial court abused its discretion by refusing to sever their claims from those of State Farm. A trial court may consolidate two pending actions as an aid to convenience whenever it can be done without prejudice to the parties' substantial rights. 735 ILCS 5/2-1006 (West 2016). Illinois courts generally favor consolidation in the interest of judicial economy, as such joinder conserves time and allows the courts and litigants to avoid unnecessary duplication of effort and expense. *Northwest Water Comm'n v. Carlo V. Santucci, Inc.*, 162 Ill. App. 3d 877, 890 (1987). Consolidation is appropriate where two cases: "(1) are of the same nature; (2) arise from the same act or event; (3) involve the same or like issues; and (4) depend largely on the same evidence." *Edwards v. Addison Fire Protection Dist. Firefighter's Pension Fund*, 2013 IL App (2d) 121262, ¶ 41. A trial court has "broad discretion" in determining whether consolidation of two cases is proper, and its decision will not be overturned absent an abuse of that discretion. *Id.* A court abuses its discretion where its decision is arbitrary, fanciful, or so unreasonable that no reasonable person would agree with it. *In re Joseph J.*, 2020 IL App (1st) 190305, ¶ 26.

¶ 13     As a preliminary matter, we note that plaintiffs have arguably waived the issue by failing to object to the trial court's consolidation order. See *Klein v. Steel City National Bank*, 212 Ill. App. 3d 629, 634-35 (the plaintiff waived challenge to the trial court's *sua sponte* order to sever by failing to object). Even assuming that plaintiffs adequately preserved the issue by moving to

sever more than one year after the cases were consolidated, we would still affirm the trial court's judgment.

¶ 14 Plaintiffs do not dispute that their claims involve the same events and evidence as those of State Farm but maintain only that consolidation was improper because State Farm's involvement prejudiced their substantial rights. In particular, plaintiffs assert that the trial court "did not engage in any meaningful analysis" and "did not weigh the relatively small burdens [of having two trials] in this case against the substantial danger of prejudice." However, as the record is devoid of any transcripts from the court's rulings on the motion to consolidate or on plaintiffs' subsequent oral motion to sever, we cannot conclude that the court failed to consider the appropriate factors. Rather, as it is the appellant's burden to present an adequate record for review, we must construe any doubts or deficiencies arising from an incomplete record against plaintiffs. *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 31. Accordingly, we draw all reasonable inferences in favor of the trial court's orders and presume that they were in conformity with the law and supported by a factual basis. *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17. Additionally, the court's comments at the hearing on the motion for a new trial, which is the only transcribed hearing in the record on appeal, belie plaintiff's position. Those comments show that the court considered plaintiffs' arguments, but rejected them because it found that the cases were properly consolidated and that plaintiffs did not suffer prejudice.

¶ 15 Moreover, the limited record before us is sufficient to establish that plaintiffs' arguments against consolidation are meritless. As they did in the trial court, plaintiffs contend that consolidation was improper because the court instructed the jury, at plaintiffs' request and in accordance with Illinois Pattern Jury Instructions, Civil, No. 3.03, that:

"Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard."

Plaintiffs maintain that they suffered prejudice in light of this instruction because State Farm's involvement "made it impossible for the jury not to discuss insurance," "created an inference that [plaintiffs] had the help of insurance while [Kulig] had no insurance," and "very likely confused the jury."

¶ 16    These arguments are based largely on speculation, as there is absolutely no evidence to suggest that the jury was confused or that it based its verdict on an assumption that Kulig was uninsured. Furthermore, the fact that State Farm's presence might have drawn the jury's attention to the concept of insurance in some loose sense does not entitle plaintiffs to a new trial. The general prohibition against mentioning insurance in a personal injury case is based on the rationale that, although irrelevant to the issue of negligence, knowledge that a defendant is insured tends to induce the jury to award a larger verdict in the plaintiff's favor than it otherwise would have. *Imparato v. Rooney*, 95 Ill. 3d 11, 15 (1981). Even in an unconsolidated personal injury case, not every mention of insurance is prejudicial. *Diaz v. Legat Architects, Inc.*, 397 Ill. App. 3d 13, 41 (2009). Instead, "[a] reference to insurance is only prejudicial if it directly indicates that the defendant is insured [citation] or if it is the product of conduct by counsel intended to influence or prejudice the jury

[citation]." *Neyzelman v. Neyzelman*, 273 Ill. App. 3d 511, 515 (1995); see also *Seldin v. Babendir*, 325 Ill. App. 1058, 1064 (2001); *Twait v. Olson*, 104 Ill. App. 3d 191, 196 (1982).

¶ 17    Here, as plaintiffs concede, there was no reference to Kulig's insured status. Nor was there apparently any mention that plaintiffs were insured. Despite plaintiffs' arguments, there is nothing in the record to suggest that the jury was unable to understand that State Farm was pursuing a separate claim based on a similar set of operative facts. Indeed, although none of the trial transcripts appear in the record on appeal, the trial court noted that "State Farm never interjected themselves in any way into the plaintiffs' case during the course of this trial." Under these circumstances, plaintiffs were not prejudiced by the consolidation of the cases, and the trial court did not abuse its discretion in refusing to sever them.

¶ 18                               B. Post-Accident Photograph

¶ 19    Plaintiffs next contend that the trial court erred by barring them from introducing a post-accident photograph of Kulig's vehicle, which they say was relevant to show that Kulig was speeding. Specifically, plaintiffs maintain that the court "erred as a matter of law" when it stated that the photograph was not relevant without supporting testimony and thus abused its discretion by basing its ruling on an erroneous understanding of the law.

¶ 20    Evidentiary rulings are generally within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of the discretion. *Hoffman v. Northeast Illinois Regional Commuter Railroad Corporation*, 2017 IL App (1st) 170537, ¶ 41. An exception to this general rule is where the trial court's exercise of discretion was "frustrated by an erroneous rule of law." *People v. Williams*, 188 Ill. 2d 365, 369 (1999). In such a case, the court's ruling is reviewed *de novo*. *People v. Gonzalez*, 2018 IL App (1st) 155242, ¶ 79.

¶ 21    Here, plaintiffs, citing *Peach*, contend that the trial court based its decision on an erroneous understanding that expert testimony was required to support a post-accident photograph. However, as the court's initial ruling on the admissibility of the photograph does not appear in the record on appeal, we must presume that the ruling was in accordance with the law. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). To the extent that plaintiffs rely on the court's remarks in denying their motion for a new trial, we cannot say that those comments show that the court based its ruling on the mistaken belief that expert testimony was required in every case. See *People v. Caffey*, 205 Ill. 2d 52, 89 (2001) (declining to invoke the exception to the general rule of deference to the trial court where the ruling in question was based "on the specific circumstances of this case and not on a broadly applicable rule"). Notably, the record shows that the court considered the photograph in light of the specifics of this case, including that the damage to Kulig's vehicle was the result of two separate collisions and that the issue of Kulig's speed was explored at trial.

¶ 22    The court's ruling was not necessarily incongruous with *Peach*, which did not hold that post-accident photographs are always admissible without expert testimony. Rather, *Peach*, and the appellate court cases it cited approvingly, make clear that there is no "rigid rule that photographs of the vehicles involved in a collision are always admissible or that expert testimony is always necessary for such photographs to be admitted." *Peach*, 2019 IL 123156, ¶ 34 (citing *Ford v. Grizzle*, 398 Ill. App. 3d 639, 648 (2010); *Fronabarger v. Burns*, 385 Ill. App. 3d 560, 564 (2008); *Jackson v. Seib*, 372 Ill. App. 3d 1061, 1071 (2007); and *Ferro v. Griffiths*, 361 Ill. App. 3d 738, 743 (2005)). It remains within the sound discretion of the trial court to decide the "essential question" of whether a jury would be able to relate the damage depicted in the photographs to a fact of consequence without the aid of an expert. *Peach*, 2019 IL 123156, ¶ 35; *Ford*, 398 Ill. App.

3d at 648; *Fronabarger*, 385 Ill. App. 3d at 564-55; *Jackson*, 372 Ill. App. 3d at 1070-71; *Ferro*, 361 Ill. App. 3d at 743. As we have previously explained, the trial court here considered the photograph and the facts of the case and determined that the photograph was not relevant without additional testimony. Nothing in the record shows that this was an abuse of discretion.

¶ 23    Finally, even assuming, *arguendo*, that the photograph was erroneously excluded, the incomplete record prevents us from finding that a new trial is required. "Reversal on appeal is not required unless an erroneous evidentiary ruling was substantially prejudicial, and the burden of establishing prejudice is on the party seeking reversal." *Shachter v. City of Chicago*, 2011 IL App (1st) 103582, ¶ 80. An improper evidentiary ruling is harmless if the jury would not have reached a different verdict but for the error. *Neuhengen v. Global Experience Specialists, Inc.*, 2018 IL App (1st) 160322, ¶ 157. Here, as noted, there is no record of what evidence was presented at trial. Consequently, we must resolve any doubt as to the impact of the photograph on the verdict against plaintiffs.

¶ 24                              III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 26    Affirmed.